### PETER JONES v. THE STATE.

No. 3945.   Decided February 16, 1916.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence, although conflicting, was sufficient to sustain the conviction, under a proper charge of the court, there was no reversible error.

**2.—Same—Manslaughter—Charge of Court—Bill of Exceptions.**

Where the bill of exceptions showed on its face that the objection to the charge of the court came too late, the same can not be considered on appeal; besides, the evidence did not raise the issue of manslaughter, and the court did not err in refusing to charge thereon.

**3.—Same—Evidence—Habits of Deceased.**

Where defendant testified that the deceased had a knife and was attacking him therewith at the time he killed him, and there was no evidence that any knife was found on or about the person of the deceased at the time, there was no error in permitting testimony that deceased was in the habit of whittling and that a small stick was found where deceased lay, as this was favorable to defendant.

**4.—Same—Argument of Counsel.**

In the absence of requested instructions to the argument of State's counsel, and any reversible error on account of such argument, there was no reversible error.

**5.—Same—Evidence—Continuance—Want of Diligence.**

Where the motion for new trial on the ground of overruling an application for continuance showed a want of diligence as to one witness, and that the testimony of the other absent witness was inadmissible, there was no reversible error. Following Giles v. State, 66 Texas Crim. Rep., 638.

**6.—Same—Requested Charges—No Error.**

Where the court gave defendant's only requested charge which should have been given, and no error is presented which would authorize this court to reverse the judgment and remand the case, the same must be affirmed.

Appeal from the District Court of Nacogdoches.    Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*J. M. Marshall,* for appellant.—On question of admitting testimony as to defendant's habit of whittling: Tyson v. State, 14 Texas Crim. App., 388; Thompson v. State, 30 id., 325; Bluman v. State, 33 Texas Crim. Rep., 43.

On question of insufficiency of the evidence: Walker v. State, 14 Texas Crim. App., 609; Mitchell v. State, 33 Texas Crim. Rep., 575.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of murder and his punishment assessed at eight years in the penitentiary.

The evidence presented two issues: one, on behalf of the State, of murder; the other, on behalf of appellant, self-defense. The evidence on behalf of the State was sufficient to justify the jury to convict him of murder. Evidently the jury believed that theory and did not believe appellant's claimed self-defense. This was a question for the jury, and we can not disturb the verdict.

Appellant has a bill complaining that, after the court had charged the jury as to the law of the case and before they had retired, he excepted to the court's refusal to affirmatively charge on manslaughter, stating that it was raised by the evidence in the case. This bill on its face shows that his objections came too late, but whether they did or not, the evidence did not raise the issue of manslaughter, but did that of murder and self-defense only. Therefore, the court committed no error in omitting to charge, or refusing to charge, on that subject. Branch's Crim. Law, sec. 505, and authorities there cited by him.

Appellant has another bill to this effect, that, on the trial, Mr. Lay was permitted to testify that deceased was in the habit of whittling around the mill while at his work, and that there was found near where deceased lay a small stick or piece of board, one end of which had been cut or whittled upon. His objection to this testimony was that it was immaterial and prejudicial to his rights. This bill shows no error, even if it is considered. Appellant alone, testified that deceased had a knife and was attacking him therewith at the time he killed him. The evidence does not disclose that any knife was found on or about his person at the time. It occurs to us that the testimony of Mr. Lay to which he objected was in his favor and not against him.

In another bill he complains of a very brief statement in the argument of the district attorney. The bill shows that, when he objected to it, the court reprimanded the district attorney. He requested no other instructions not to consider that argument. The argument of the district attorney would have presented no ground of reversal, even if the judge had not reprimanded him.

The court did not err in overruling his motion for a continuance. The proposed testimony of his wife, whom he claimed as one of his absent witnesses, would have been inadmissible. The testimony of the other witnesses, we think, would have not been admissible. The bill and motion for a continuance do not show sufficient diligence, as to him. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317.

The court gave his only requested charge which should have been given. No error is presented which would authorize this court to reverse. The judgment is, therefore, affirmed.

*Affirmed.*