## GEORGE WALKER v. THE STATE.

No. 11330.   Delivered February 1, 1928.
Rehearing denied June 28, 1928.

The opinion states the case.

*Richard W. Mayfield* of Giddings, *R. W. Saloman* of La Grange, and *Harris & Harris* of Austin, for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, six years.

The evidence shows that the appellant is a negro and the prosecuting witness a white man and that the difficulty arose over the settlement of a rental contract at the place of business of the prosecuting witness, where the appellant had gone and where it seems he was required to go to make a settlement of his rent.

The most serious question raised in this case is the argument of the District Attorney.

By Bills of Exception Nos. 20 and 21, it is shown that the District Attorney stated in substance in his argument to the jury that "whenever a man is permitted to do that, whenever a law-abiding man knows that there is hard feeling between the white man and a negro, instead of sending that money attempts to go himself, with a loaded pistol, he knows that he has got murder in his heart or he wouldn't go; he would send somebody else, wouldn't he?" And further, "whenever you find a darky, that is so insulting who has no more respect for a man's word in his own place of business than to come back and search him out after he has been warned to stay from there, you usually find a darky who, on the least impulse, will take the life of the man or anybody else."

By Bill of Exception No. 22 it is shown that the following language was used: "Write one (a verdict), Gentlemen of the Jury,

that will say to these negroes of Fayette County—I am proud of the negroes of Fayette County, that there are not many of them here, and the sooner you get rid of the rest of them, the better negroes you will have here and the better white people you will have here." It is claimed these remarks were an inflammatory appeal to race prejudice.

The last statement was not specifically objected to at any time. No special charges were requested to disregard any of said remarks. If an argument is so inflammatory that its effect could not be removed by instructions, the failure of the appellant to request instructions to disregard same will not preclude a review. Bullington v. State, 78 Tex. Crim. Rep. 187. Ordinarily the appellant must ask instructions to disregard argument in order to have the matter reviewed by this Court. Jordan v. State, 78 Tex. Crim. Rep. 651. Jones v. State, 79 Tex. Crim. Rep. 85. Vernon's C. C. P., Vol. 2, pp. 128–129. In the absence of requested instructions and especially in the absence of a specific objection to the last statement above set out, we do not think the matter presents reversible error. The penalty seems too severe under the facts and this improper argument may have contributed to it, but the matter is not presented in such manner as to authorize a reversal.

A sufficient answer to all complaints concerning the charge in this case is that the Court gave at the request of appellant eleven special charges, which in our opinion cured all omissions in the Court's charge, and gave to appellant probably more than he was entitled to.

Practically all other bills are so qualified by the Court as to show no error and these having been accepted with the Court's qualifications and filed, bind appellant and he is in no position to complain about the matters therein set out.

We are not able to agree with appellant's contention that any prejudicial error is properly presented for review, and the judgment is therefore affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's first ground of his motion is that we were wrong in holding the argument of the district attorney not harmful enough to demand reversal in the absence of in-

structions to the jury not to consider same. Upon a closer inspection of the bill of exceptions presenting this matter, we observe that in each case the trial court did give to the jury instructions not to consider the matters thus complained of. In regard to bill of exceptions No. 22, which is one of the bills referred to, we note in the qualification it is stated that appellant took a bill of exceptions to all of the argument of the district attorney at the time, and in his preparation of this bill selected only a part of said argument. Such a qualification upon the bill of exceptions would seem to make the objection unavailing.

Appellant renews complaint of a question asked by the district attorney of a character witness testifying favorably to appellant. The bill of exceptions fails to set out the answer, if any, given by the witness, and we perceive no such injurious character in the question asked that would call for a reversal.

Appellant renews complaint of the failure of the court to give special charge No. 6. In our opinion same was covered by special charges Nos. 5 and 7, which were given by the court.

Appellant complains of the failure of the court to apply the law of reasonable doubt to his affirmative defense. We are not able to agree with appellant in regard to this contention.

We have tried carefully to weigh and consider each of the complaints made, but are unable to agree with the soundness of any of them, and the motion for rehearing will be accordingly overruled.

*Overruled.*